UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X     C/M

JIMMIE LLOYD,

                Plaintiff,

            - against -

**DECISION AND ORDER**

14 Civ. 1589 (BMC)(LB)

THE CITY OF NEW YORK; NEW YORK
CITY POLICE DEPARTMENT; POLICE
OFFICER LOWETH; SERGEANT JOHN
DOE,

                Defendants.
------------------------------------------------------------ X

      Plaintiff Jimmie Lloyd, currently being held on Wards Island, brings this *pro se* civil rights action alleging that defendants violated his constitutional rights under the Fifth, Eighth and Fourteenth Amendments of the United States Constitution. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, plaintiff's claims against the New York City Police Department and the City of New York are dismissed. Plaintiff's claims against Police Officer Loweth and Sergeant John Doe shall proceed.

      *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79

(2009)).  A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

However, under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A.  Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief."  Id.; Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); see also Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999).

Plaintiff alleges that on or about May 4, 2013, he was physically assaulted by Police Officer Loweth and Sergeant John Doe while being held at the 77th Police Precinct in Brooklyn, New York.  Plaintiff states that Officer Loweth punched him in the face and Sergeant John Doe, "shot me with a taser gun when the darts [e]ntered my back and side I immediately fell to the floor.  I was repeatedly kicked and punched by Officer Loweth until the Sergeant (John Doe) said that's enough."  Plaintiff further alleges that he was then transported "to Kings County Hospital where the darts w[ere] surgically removed."  Plaintiff seeks, *inter alia*, monetary damages.

The Court liberally construes this action as being brought pursuant to 42 U.S.C. § 1983.  "Section 1983 itself creates no substantive rights[, but] . . . only a procedure for redress for the deprivation of rights established elsewhere."  Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993), cert. denied, 512 U.S. 1240 (1994) (citing City of Oklahoma City v. Tuttle, 471 U.S. 808, 816

(1985)). In order to maintain a §1983 action, a complaint must allege that "the conduct complained of [was] committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted).

To the extent plaintiff seeks to name the New York City Police Department ("NYPD") as a defendant, his claim fails. The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 16 § 396. The NYPD is an agency of the City of New York that lacks independent legal existence and is not a suable entity. See, e.g., Campbell v. New York City, No. 12 CV 2179, 2012 WL 3027925, at *2 (E.D.N.Y. July 23, 2013) (dismissing all claims against the NYPD as a non-suable entity); Wingate v. New York City, No. 08 CV 217, 2008 WL 203313, at *2 (E.D.N.Y. Jan. 23, 2008) (police precinct is not a suable entity).

Likewise, to the extent plaintiff seeks to bring a claim against the City of New York, his claim must also be dismissed as he fails to allege facts demonstrating that an officially adopted policy or custom of the City of New York caused a violation of his federally protected rights. See Bd. of Cnty. Comm'rs of Bryan Cnty., OK v. Brown, 520 U.S. 397, 403-04 (1997); Monell v. Dept. of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978). "[T]o hold a city liable under section 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Torraco v. Port Auth. of N.Y. and N.J., 615 F.3d 129, 140 (2d Cir. 2010) (internal quotation marks omitted). See also Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993) (stating that a mere assertion of a custom or policy is

not sufficient to sustain a § 1983 claim against a municipal defendant in the absence of any allegations of fact). Although plaintiff names the City of New York in the caption of his complaint, he does not allege any facts in the body of his complaint to support a Monell claim. See Dudley v. Meekins, No. 13 CV 1851, 2013 WL 1681898, at *4 (E.D.N.Y. Apr. 17, 2013) ("Plaintiff's Complaint cannot reasonably be interpreted to allege facts sufficient to show that any alleged injury was caused by any policy or custom of the City.").

Accordingly, all claims against the NYPD and City of New York are dismissed. 28 U.S.C. §§ 1915A. No summons shall issue as to these defendants and the Clerk of Court is directed to amend the caption to reflect the dismissal of these defendants.

Plaintiff's claims shall proceed against Police Officer Loweth and Sergeant John Doe. The United States Marshal Service is directed to serve the summons, complaint, and this Order upon Police Officer Loweth without prepayment of fees. A courtesy copy of the same papers shall be mailed to the Corporation Counsel for the City of New York.

Pursuant to Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997) (per curiam), the Court requests that the Corporation Counsel of the City of New York ascertain the full name of Sergeant John Doe who was allegedly involved in the events that occurred on or about May 4, 2013. The Corporation Counsel is also requested to provide the addresses where the defendant can currently be served. The Corporation Counsel need not undertake to defend or indemnify this individual at this juncture. This Order merely provides a means by which plaintiff may name and properly serve the defendant as instructed by the Second Circuit in Valentin. The Corporation Counsel is further requested to produce the information specified regarding the identity of this defendant within forty five (45) days from the entry of this Order. Once this

information is provided, plaintiff's complaint shall be deemed amended to reflect the full names of the defendants and the Court shall direct service accordingly.

The Clerk of Court shall send a copy of this Order to plaintiff. No summonses shall issue at this time. The case is referred to Magistrate Judge Lois Bloom for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444 (1962).

**SO ORDERED.**

                                              U.S.D.J.

Dated: Brooklyn, New York
       March 11, 2014