UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JIMMIE LLOYD, <br><br> Plaintiff, <br><br> -against- <br><br> POLICE OFFICER LOWETH and SERGEANT TANIA SANCHEZ, *Shield #2086,* OFFICER DOES 1 through 4, <br><br> Defendants. | 1:14-cv-14589 (BMC)(LB) <br><br> FIRST AMENDED COMPLAINT <br><br> Jury Demanded |

Plaintiff, JIMMIE LLOYD, by his attorneys, REINGOLD & TUCKER, hereby brings this action under 42 U.S.C. §1983 to redress his civil and legal rights, and alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff, JIMMIE LLOYD, seeks relief for the defendants' violations of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §1983, by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURY TRIAL

2. Plaintiff, JIMMIE LLOYD, demands a jury trial.

## PARTIES

3. At all relevant times, plaintiff, JIMMIE LLOYD, was a resident of the County of Kings, City and State of New York.

4. At all relevant times, defendant, POLICE OFFICER LOWETH, was a resident of the

County of Kings, City and State of New York.

5. At all relevant times, defendant, POLICE OFFICER LOWETH, was employed by The New York City Police Department and is being sued in his official and individual capacities.

6. At all relevant times, defendant, SERGEANT TANIA SANCHEZ, was a resident of the County of Kings, City and State of New York.

7. At all relevant times, defendant, SERGEANT TANIA SANCHEZ, was employed by The New York City Police Department and is sued in her official and individual capacities.

8. At all relevant times, defendants, OFFICER DOES, were each residents of the County of Kings, City and State of New York.

9. At all relevant times, defendants, OFFICER DOES, were employed by The New York City Police Department and is being sued in their official and individual capacities.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, on the basis of there being a federal question relating to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

11. This Court has supplemental jurisdiction over all state law claims.

12. Venue is appropriate in that the incident that gave rise to this complaint arose within the district boundaries of this Court, and because all defendants are employed by the City of New York, and there is a high probability that all defendants reside in or near this Court's district boundaries.

## STATEMENT OF FACTS

13. On or about May 4, 2013, plaintiff, JIMMIE LLOYD, was incarcerated within the 71st Precinct, located at 421 Empire Boulevard, County of Kings, City and State of New York, having

turned himself in on a complaint of domestic violence.

14. Plaintiff was subsequently transferred to the 77th Precinct, located at 127 Utica Avenue, County of Kings, City and State of New York on the allegation of an unrelated "I-Card" complaint.

15. That said I-Card complaint was deemed illegal on the part of the New York City Police Department and was dismissed *sua sponte*.

16. While within the 77th Precinct, plaintiff, JIMMIE LLOYD, without provocation, justification or cause, was brutally assaulted and battered, and shot with a Taser-type stun gun.

17. That, due to a broken window in, at or near the cell that plaintiff was housed in, it was unreasonably cold; when plaintiff asked for transfer to a warmer area he was told by defendant, Loweth to "shut the fuck up." In response, plaintiff asked defendant Loweth if he spoke to his children in that manner. Defendant Loweth left the area only to return to the cell within minutes and without warning, provocation or cause, and with the aid of four other officers, commenced to assault and batter plaintiff, shoot plaintiff with a Taser gun and continue the assault as plaintiff lay helpless and writhing on the floor.

18. Plaintiff was severely and permanently injured, both physically and emotionally, as a result of the assault and battery, and the taser darts having to be removed surgically from his body.

**CLAIMS FOR RELIEF**

**FIRST CLAIM: DEPRIVATION OF RIGHTS UNDER THE FOURTH, EIGHTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. § 1983**

19. Plaintiff realleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

20. The conduct and actions of Defendants, acting in concert and under color of law, in

authorizing, directing and/or causing plaintiff to be assaulted and battered and shot with a taser-type stun gun, was unprovoked, excessive and unreasonable, and was done intentionally, willfully, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of Plaintiff's rights as guaranteed under 42 U.S.C. § 1983, and the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, including the right to be free from the use of excessive, unreasonable, and unjustified force.

21. As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain and humiliation, was deprived of his liberty, and was otherwise damaged and injured.

## SECOND CLAIM: ASSAULT AND BATTERY

## COMMON LAW CLAIM

22. Plaintiff realleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

23. By the conduct and actions as described above, Defendants are guilty of the intentional torts of assault and battery upon Plaintiff.

24. The injuries sustained by Plaintiff were caused wholly and solely by reason of the conduct herein described, and Plaintiff did not contribute thereto.

25. As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain and humiliation, was deprived of his liberty, and was otherwise damaged and injured.

## THIRD CLAIM: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## COMMON LAW CLAIM

26. Plaintiff realleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

27. By the conduct and actions as described above, Defendants are guilty of the intentional tort of intentional infliction of emotional distress.

28. The injuries sustained by Plaintiff were caused wholly and solely by reason of the conduct herein described, and Plaintiff did not contribute thereto.

29. As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain and humiliation, was deprived of his liberty, and was otherwise damaged and injured.

## FOURTH CLAIM: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## COMMON LAW CLAIM

30. Plaintiff realleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

31. By the conduct and actions as described above, Defendants are guilty of the negligent infliction of emotional distress.

32. The injuries sustained by Plaintiff were caused wholly and solely by reason of the conduct herein described, and Plaintiff did not contribute thereto.

33. As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain and humiliation, was deprived of his liberty, and was otherwise damaged and injured.

WHEREFORE, Plaintiff demands the following relief, jointly and severally against all of the Defendants:

    a.    Compensatory damages in an amount to be determined by a jury;

    b.    Punitive damages in an amount to be determined by a jury;

    c.    Costs, interest and attorney's fees;

    d.    Such other and further relief as to this Court is deemed just and proper.

Dated: Brooklyn, New York
       February 18, 2015

                                          s/s Jordan W. Tucker
                                          JORDAN W. TUCKER
                                          REINGOLD & TUCKER
                                          Attorneys for Plaintiff
                                          26 Court Street
                                          Brooklyn, New York 11242
                                          (718) 875-4805

## CERTIFICATE OF SERVICE

JORDAN W. TUCKER, an attorney, hereby certifies that he caused a true and correct copy of the foregoing First Amended Complaint to be served on the 18th day of February, 2015, via electronic filing (ECF) upon:

Zachary W. Carter, Esq.
Corporation Counsel
By: Daniel M. Braun, Esq.
Attorneys for Defendants
100 Church Street
New York, New York 10007
(212) 356-3548

                                              s/s Jordan W. Tucker
                                              JORDAN W. TUCKER
                                              Reingold & Tucker
                                              26 Court Street
                                              Brooklyn, New York 11242
                                              (718) 875-4805